IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID M. ELSEA, individually and as class representative, ) ) ) Plaintiff, ) ) vs. ) ) JACKSON COUNTY, MISSOURI, et al., ) ) Defendants. ) | Case No. 10-0620-CV-W-ODS |

ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiff's Motion to Remand. After considering the parties' arguments, the Court grants the motion (Doc. # 13).

I. BACKGROUND

Plaintiff filed this suit[1] on May 25, 2010 on behalf of himself and a class of similarly situated individuals. The suit alleges the Jackson County Courthouse was built with materials containing asbestos and people who have been in the courthouse on a regular basis for any period since 1983 may have developed or may develop health problems. In addition to Jackson County, Missouri ("the County"), Plaintiff has named U.S. Engineering Company as a defendant because it has allegedly conducted repairs, renovations, and other work that caused the release of asbestos fibers. Petition, ¶ 22. Both Defendants are citizens of Missouri.

---

[1]This is actually the second such suit to be filed. The first was removed by the defendants, at which time Plaintiff dismissed the suit without prejudice. Defendants present this fact in a manner designed to cast aspersions on Plaintiff's motives. The Court has no doubt that Plaintiff wanted – and wants – the case to remain in state court, but the Plaintiff's motives are irrelevant to most of the issues the Court must address.

The Petition contains the following definition for the class Plaintiff wishes to represent:

> [A]ll persons . . . who are Missouri residents, were employed by the State of Missouri, the County of Jackson, and/or the City of Kansas City and who worked in or regularly conducted business in the Jackson County Courthouse and such other Missouri residents who, though not employed by the State of Missouri, the County of Jackson or the City of Kansas City worked in or regularly conducted business in the Jackson County Courthouse for the period of time from 1983 to the present.

Petition, ¶ 36. The only other mention of the class definition is contained in paragraph two, where the Petition avers "the class is limited to residents of the State of Missouri for purposes of application of the Class Action Fairness Act . . . . There is no diversity of citizenship between the parties in this case."

Defendants removed the case to federal court based on provisions of the Class Action Fairness Act ("CAFA") codified at 28 U.S.C. § 1332(d). For support, the law firm representing the County submitted an affidavit from one of its lawyers (Jeffrey Rosen) averring that his primary residence is in Kansas but he has a "second home at the Lake of the Ozarks in Camdenton, Missouri," where he "periodically" resides.

## II. DISCUSSION

CAFA grants district courts jurisdiction over class actions in which (1) the class consists of more than one hundred members, (2) the amount in controversy in the aggregate exceeds $5 million, and (3) there is diversity of citizenship between any member of the class and any defendant. 28 U.S.C. §§ 1332(d)(2); 1332(d)(5)(B). "Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." Westerfeld v. Independent Processing, LLC, No. 10-2635, slip op. at 3 (8th Cir. Sept. 20, 2010).

There are exceptions to CAFA's grant of jurisdiction, some of which will be discussed in greater detail below. "Once CAFA's initial jurisdiction requirements have been established by the party seeking removal . . . the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies." Id.

### A. The Initial Requirements

Defendants have not satisfied their burden of demonstrating there is diversity of citizenship between some member of the class and the Defendants.[2] The parties expend significant effort arguing over the definition of "resident," and succeed only in demonstrating the term has different meanings in different contexts. The debate misses the point, however, because the question is not what the term "resident" means in the context of tax laws, jurisdictional statutes, court decisions, dictionaries, or for the purpose of determining who is entitled to in-state tuition (all of which, and more, are mentioned by the parties). The question is: what does it mean in the context of the class definition?

The Court rejects the parties' (particularly Defendants') intimation that the term has a single, fixed meaning that *must* be imparted to Plaintiff's use of the term. There is simply no support for such a proposition, and it ignores the purpose and concept of a class definition. The class, at least initially, is defined by the plaintiff – and the plaintiff is entitled to define it as he sees fit. This does not mean that the plaintiff's proposal is the last word on the subject, because (again, contrary to Defendants' intimation) the plaintiff can alter the proposal. This is commonly done as part of the process of addressing logistical and legal concerns that arise during the certification process. Ultimately, not even the Court is bound by a plaintiff's proposed definition, as the Court can amend the definition when deciding whether to certify the class. E.g., In re Monumental Life Ins. Co., 365 F.3d 408, 414 n.7 (5th Cir. 2004); Lundquist v. Security Pacific Automotive Fin.

---

[2]There appears no dispute that the other requirements for CAFA jurisdiction have been met.

Servs. Corp., 993 F.2d 11, 14 (2d Cir. 1993); Smith v. Brown & Williamson Tobacco Corp., 174 F.R.D. 90, 92 n.2 (W.D. Mo. 1997).

The fact that the term "resident" is amenable to multiple definitions indicates the class definition will inevitably be amended. "A precise class definition is necessary to identify properly those entitled to relief, those bound by the judgment, and those entitled to notice." Monumental Life, 365 F.3d at 413 (quotation omitted); see also In re Constar Int'l Inc. Securities Litig., 585 F.3d 774, 782 (3d Cir. 2009); Manual for Complex Litigation (Fourth) § 21.222. As ably pointed out by the parties, the current class definition is amenable to multiple constructions and for that reason it is insufficiently precise to accomplish a class definition's purposes. Given that amendment (or at least, an amended understanding) is necessary, it is clear that the source of that understanding must come from Plaintiff. Plaintiff is the master of his complaint, and he has the burden and responsibility of proposing a legally acceptable definition.

Plaintiff has consistently equated "resident" with "citizenship." This interpretation is not only contained in the arguments presented in connection with the Motion to Remand, but it was also expressed in the Petition's second paragraph. The Court thus resolves the ambiguity in Plaintiff's proposed definition by interpreting the definition as limiting class membership to people who were Missouri citizens when the suit was filed. This understanding makes the motion relatively easy to rule: if the class, by definition, consists only of Missouri citizens, then there cannot be diversity of citizenship between any class member and any Defendant.

The Court emphasizes that it is not endorsing Plaintiff's definition, nor is it endeavoring to remedy all of its flaws. The definition presents many concerns,[3] but they

---

[3]For instance, there is no principled reason for omitting significant numbers of injured parties. "If the definition fails to include a substantial number of persons with claims similar to those of the class members, the definition of the class may be questionable." Manual for Complex Litigation (Fourth) § 21.222. Plaintiff's advocate a definition that excludes people who once were Missouri citizens and who relocated before the suit was filed. Given that the class period commenced in 1983, there are likely to be "excluded" people who are indistinguishable from the class members – except that they are not currently citizens of Missouri and would thus create diversity of citizenship. Similarly, there are undoubtedly people who were not citizens of Missouri at

4

can be addressed only by a tribunal having jurisdiction over the case. When evaluating its jurisdiction, the Court must accept the definition proposed by Plaintiff. All the Court has done is attempted to divine the meaning intended by Plaintiff. Having done so, and having concluded the definition leaves the Court without jurisdiction, the Court is not empowered to "fix" the definition even if it is convinced that "repairs" are inevitable and necessary and doing so would create federal jurisdiction.

B.

Even if a "resident" is something less than a "citizen," there is no basis for concluding that Rosen is a resident of Missouri. He is a citizen of Kansas who owns property in Missouri and occasionally vacations in Missouri. A resident means something more than a mere property owner, even if the property owner occasionally sleeps on the property for short periods of time.[4]

Defendants have not established there exists any person who is a member of the class who resides in Missouri and is a citizen elsewhere. They posit there are students attending college in Missouri who have retained citizenship elsewhere by continuing to vote and pay taxes in their home state. The Court agrees: common sense dictates that there is at least one such individual.

---

the time they were "regularly" in the Jackson County Courthouse but later moved into the state – thereby making them members of the class. These and other examples demonstrate that the class' "citizenship requirement" is an artificial construct adopted for purposes unrelated to the claims in the case or the interests of the injured parties. Such devices, when employed solely to preserve the class or for other litigation advantage, are generally unworthy of certification.

[4]This discussion reinforces the need to clarify the definition. If the Court (and potential class members) cannot determine who is supposed to be in the class, the definition is unacceptable. Cf. Sanneman v. Chrysler Corp., 191 F.R.D. 441, 446 (E.D. Pa. 2000) ("[T]he practical issue of actually identifying class members is indeed problematic, as it presents serious administrative burdens . . . . Determining a membership in the class would essentially require a mini-hearing . . . ."); see also Meijer, Inc. v. Warner Chilcott Holdings Co. III, Ltd., 246 F.R.D. 293, 300 (D.D.C. 2007).

Use of logic and common sense on a party's behalf does not absolve that party of its burdens or constitute providing that party with "the benefit of the doubt" as prohibited by Westerfeld. In this case, the Court's conclusions are informed by the law regarding citizenship (which holds that a person is a citizen where they reside and intend to stay and that citizenship does not change until both conditions are met in a new state). While the Court cannot find a specific number of people reside in Missouri but are citizens elsewhere, the Court can find – based on the law and facts commonly known to be true about the way people live in our society – that there is at least one such person. However, Defendants offer no proof indicating that any such non-citizen resident of Missouri was either employed by the City, State, or County, or otherwise "regularly conducted business"[5] in the Jackson County Courthouse, and logic and common sense do not dictate that such a person exists. Therefore, Defendants have not carried their burden of demonstrating that any class member is a citizen of a state other than Missouri.

## C.

Even if Defendants have carried their burden of establishing the initial requirements for jurisdiction, the case must be remanded because Plaintiff has satisfied his burden of demonstrating an exception exists. The Home State Exception applies when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The only element at issue is the one requiring two-third or more of the class members to be citizens of Missouri.

Of course, this is only an issue if Plaintiff's proposed class definition is not limited to Missouri citizens; if it is so limited, then *all* of the class members are citizens of Missouri. Assuming, *arguendo*, that residence in Missouri is something less than citizenship, Defendants insist that Plaintiff must identify each member of the class and

---

[5]The vagueness of this phrase is another potential infirmity in the class definition.

establish the citizenship for each.  This is a virtually impossible burden.  It is also an inaccurate depiction of Plaintiff's burden.  Plaintiff – and the Court – can rely on common sense and logic (just as the Court did on Defendants' behalf in section B, above).  Numerous cases have relied on geographic limitations in a class definition to form conclusions about the likely make-up of the class.  These decisions are aided by the well-established maxim that residence is prima facie proof of citizenship.  In this case, common sense and logic entitle the Court to conclude that the vast majority of Missouri residents (whatever the definition of "residents") who meet the remaining requirements to be in the class are also Missouri citizens.  While the Court cannot find a specific percentage of the class are Missouri citizens, the Court can find that the vast majority of them are.  E.g., Johnson v. Advance America, 549 F.3d 932 (4th Cir. 2008); Hirschbach v. NVE Bank, 496 F. Supp. 2d 451 (D.N.J. 2007); Mattera v. Clear Channel Communications, Inc., 239 F.R.D. 70 (S.D.N.Y. 2006); see also Joseph v. Unitrin, Inc., 2008 WL 3822938 (E.D. Tex. 2008); Dunham v. Coffeyville Resources, LLC, 2007 WL 3283774 (D. Kan. 2007).

## D.

Finally, even if the citizenship requirements for Home State Exception have not been established, the requirements for the Interest of Justice Exception have been.  A court may, in the interest of justice, decline to exercise jurisdiction if more than one-third and less than two-thirds of the class and the primary defendants are citizens of the state where the suit was filed.  28 U.S.C. § 1332(d)(3).  Congress has listed factors to consider in determining whether a case should be remanded under this exception:

    A.    whether the claims asserted involve matters of national or interstate interest;

    B.    whether the claims asserted will be governed by the laws of the State in which the action was originally filed or by the laws of other States;

7

> C. whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> D. whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> E. whether the number of the citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> F. whether, during the 3-year period preceding the filing of the class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

The balance of these factors weighs in favor of declining jurisdiction. The claims do not involve matters of national or interstate importance. The suit was filed in Missouri, and Missouri law will govern the dispute. Both Defendants are citizens of Missouri, the alleged harms occurred in Missouri, and the acts giving rise to Plaintiff's claims occurred in Missouri. Regardless of the definition of "resident" that is employed, far more class members will be citizens of Missouri than any other state. All of these factors justify remand. One other class action was filed in the last three years, but it was the predecessor to this suit. This fact does not weigh strongly on either side.

The Court has previously observed that Plaintiff has engineered a class definition designed specifically to avoid federal jurisdiction. The Court believes the other factors outweigh this one and the balance of considerations favors remand. First, the nature and importance of those considerations are more important in ascertaining where this case "rightly" belongs. Second, even if a "more-reasonable" class definition were adopted, more than one-third of the class members would still be citizens of Missouri and the same considerations would augur in favor of remand. Therefore, the Court concludes that the case should be remanded if section 1332(d)(3) applies.

## III. CONCLUSION

For these reasons, the Motion to Remand is granted and the case is remanded to the Circuit Court for Jackson County, Missouri.

IT IS SO ORDERED.

DATE: October 28, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT